UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**NELSON L. SHEPHERD**                                                                      **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:09-CV-349-H**

**TOMETRICE SHEPHERD**                                              **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff, Nelson L. Shepherd, filed a *pro se*, *in forma pauperis* complaint against his former wife Tometrice Shepherd (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff states that a judge in Hardin County, Kentucky, has declared that he should pay the federal government for $16,000 in overpayment that his former wife received in veterans benefits. He states that in 2003 a new program came out for veteran military retirees to receive combat-related compensation and that his former wife's payment should have been stopped. However, Defendant was instead given $16,000 in federal benefits over five years. He states that as relief he would like this Court to review the state court judge's decision regarding repayment. He attaches to his complaint a number of documents pertaining to his state-court case. It appears from those documents that Plaintiff argued in the state court that he should not be responsible for repaying the $16,000 debt because it was incurred by his former wife more than seven years after their divorce and therefore could not be considered marital debt.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v.*

*Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's claim that the state court erred in its decision that he should repay the debt is barred by the *Rooker-Feldman* doctrine, which holds that inferior federal courts have no jurisdiction to review the final judgments of state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003). To

determine whether the doctrine applies, the appropriate inquiry "to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury alleged resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal courts lack jurisdiction." *Hutcherson*, 326 F.3d at 755 (internal quotation marks and citation omitted).

Thus, where the source of Plaintiff's injury is a state-court decision, *Rooker-Feldman* bars a federal district court from hearing Plaintiff's claims. *See McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). It is only where Plaintiff's complaint stands independent of the state-court judgment that *Rooker-Feldman* will not apply. *Id.* at 393-94.

It appears that Plaintiff is seeking the modification or overturning of a state-court order deciding the issue of which former spouse is responsible for the indebtedness to the federal government. Plaintiff does not appear to take issue with the federal government's calculation that a $16,000 overpayment in benefits needs to be repaid. If Plaintiff is dissatisfied with the ruling of the state court, he must either appeal that ruling in a timely manner within the state-court system or request that the state court modify its ruling. Thus, Plaintiff's instant challenge to the state court's order must be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III. CONCLUSION

      For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's complaint.

Date:

cc:    Plaintiff, *pro se*
        Defendant

4412.009